May it please the Court, Assistant Attorney General Amy Karenjikas for the respondent. This Court should reverse the District Court's grant of the petition for three main reasons. First, Marshall failed to exhaust his ex post facto claim in State Court. Second, the double jeopardy claim, if reached, was properly rejected by the SJC pursuant to Supreme Court precedent. And finally, the ex post facto claim, if reached, must be dismissed under Younger and also on the merits. Respondent will address these first two points and leave the third to our brief unless the Court has any particular questions. First, the petition is unexhausted. Why do you want us to agree with you and find it unexhausted and find it mixed and then send the whole thing back again on what seems to be a rather weak exhaustion claim, an ex post facto claim, and then start the whole process to have to come through an appeal again? Why don't you want us just to get to the merits if we agree with you? The reason is because, Your Honor, and it seems like Petitioner may now at this point from his brief be willing to maybe drop the ex post facto claim. It's a little uncertain from my reading of that, but that would undermine the exhaustion principles. So I would say, Your Honor, not only to think about what that would do for this case, but also for the cases that follow. So there is no question that the total exhaustion requirement is applicable to Marshall's petition here. And Marshall concedes that he never exhausted the ex post facto claim in state court. But there's no impediment to this court deciding the issues in front of us if they're going to be decided against the Petitioner, is there? That's correct. Even if it's unexhausted? Now what about Younger? Does that change the calculus? Can we still go ahead and decide it if we're going to decide it against the Petitioner? The Younger argument, Your Honor, is just directed to the ex post facto claim. Yes. So we argue that you should not even reach the merits of the ex post facto claim under Younger. But can we? We argue no under Younger. All right. So, Your Honor, as I was saying, the Petitioner petitioned directly for federal court intervention here. And this court lacks the authority to resolve this claim because, quite frankly, the Massachusetts courts have not been given the fair opportunity to do so. Any contention by Marshall that the exhaustion requirement should be excused here because there is a double jeopardy or a speedy trial. Like speedy trial claims, there's no exception for ex post facto claims. And we've laid that out in our brief. And even if this court were to say that such an exception existed in this type of case, he has to pursue available pretrial relief in state court. And he has failed to do so, Your Honor. So this court should therefore dismiss the petition or, as Justice Howard said, alternately may reach the merits to deny the petition outright. Turning to the double jeopardy claim, Marshall incorrectly claims that the murder prosecution is barred by double jeopardy because his accessory before the fact conviction was reversed based on insufficient facts. First, the SJC made clear in its Marshall decision that the conviction was reversed because he was convicted through a fatal judicial process. Through a flawed process. And that process was a flaw in the indictment. This finding by the state court binds this court. And we've laid that out in our brief at pages 34 to 36 with Supreme Court precedent that clearly says that. Second, the Supreme Court has repeated... And those are 2241 cases? Yes, I believe so, Your Honor. With respect to what do you say we are bound precisely under 2241? Under... The Supreme Court has made clear in Green and in Tibbs that state courts themselves should determine the right way to understand their pronouncements. So the meaning that it attaches to in these cases dealt with whether the prior reversal was for a sufficiency or was a variance. They said it is a matter of state law. So, you know, we cite those cases and we think that is very clear. Second... Suppose, though, if the issue in the federal habeas case is double jeopardy and the state court interpretations of its own law and procedure amounts to a due process violation, whether it's on the ex post facto rationale or some other rationale, we wouldn't be bound. Is that right?  Yes, Your Honor. Second, the Supreme Court has repeatedly held that where a reversal is based on a defect in the judicial process, re-prosecution is not barred by double jeopardy. So based on this controlling precedent, the Massachusetts courts were compelled and correct to reject Marshall's double jeopardy claim. To conclude otherwise here on habeas would be a total disregard of the state court's findings and showing that the Massachusetts courts were bound by existing Supreme Court precedent to adopt Marshall's contrary view as a matter of federal constitutional law. And as we argue in our brief, the first is not proper and the second has not been shown. Does the court have any other questions? Let me ask Chief Judge Lynch if she has any. Yes, I do. So we're under 2241 and we're not under a beat up. You've told us that under Supreme Court case law and under Circuit President Gonzalez, we have to give, one, we have to follow exhaustion. Two, we have to give deference to parts A and B, the state court determination of facts and the state court determination of state law issues. You then say, and once they decided that it was a fatal error in the indictment and not in the sufficiency of the evidence, there is no due process claim. I'm sorry, there is no double jeopardy claim. I'm with you that far, but now, what do we do with the standard of review? Gonzalez tells us that it is de novo review of the ultimate federal issue being made, the double jeopardy. You then import the Teague Doctrine and I, for the life of me, don't see what Teague has to do with this or why you're even resorting to it. What is the standard of review of the merits of their decision? In Gonzalez or here? I'm sorry, Your Honor. The standard of review here. In this case? Are you contesting Gonzalez' statement that we reviewed de novo the state court conclusion? No, Your Honor, and I think we said that. Issues of law are reviewed de novo here in 2241. Our point was this Court has stated that de novo review of habeas petitions does not mean that the federal courts review these claims as a matter, as an original matter, as if the claims were raised on direct appeal. And that's where we went to 14E as an example of that. For instance, in de novo review under 14E, when the state courts have not addressed a federal claim, that does not eliminate the need for the federal habeas court to engage in a Teague type of analysis. There's no conviction here, right? Correct. No conviction. Teague is post-conviction law. Why do you think it applies? We're making an analogy, Your Honor. It certainly... Do you think you need it to win your case? No. Yes, okay. That's a separate point. You would say on any version of de novo review, once the facts and state law issues are resolved, there's only one permissible outcome. That's correct.  Thank you for your argument. Yes, Your Honor. All right. Thank you. Thank you. Perfect timing. Good morning, Your Honors. Richard J. Fallon for Ryan Marshall. The 2010 Rodriguez decision of the Supreme Judicial Court, right at the beginning of the decision, wrote, and I quote, because there was insufficient evidence to sustain Marshall's conviction as a sex read before the fact. We reverse his conviction and set aside the verdict. Period. End quote. That's the case here. They said insufficient evidence. There's nothing ambiguous. Pause there, because you make a good point. And they said in Rodriguez exactly what you just said. But they also said, they also go on in other points of it, and it reads like it's a mismatch between the indictment and the charge case. And in other parts of it, particularly towards the end, where they note that the jury actually found him guilty of aiding in commission of the murder. Given that, don't we have to defer to the SJC's own reading of Rodriguez as set forth in Marshall? Not at all, Your Honor. Well, how do you get around Green, Gibbs? Your Honor, let's go to Rodriguez, because that's the case. That's the one you're reviewing. Before we get to Rodriguez, when you say go to Rodriguez, how do I go to Rodriguez other than through the eyes of the SJC, when it has published a subsequent opinion saying how to read Rodriguez? How do I put that to one side? Well, they didn't say sufficiency of the indictment. I'm kind of fascinated that that's not what Marshall said. Let's go to Marshall and say what Marshall said. And everything in Marshall is essentially a non sequitur, Your Honor. Number one, first, 1965 Yale Law Review note is not the guiding light. It's United States v. Dixon in 1993 U.S. Supreme Court decision, which I urge them was controlling and which they ignored. They also ignored the insufficient evidence, which is the key point. What did they decide on in Marshall? Well, we know that double jeopardy is a one crime, one trial rule. It's not a one theory and one trial rule. Well, the first decision was saying, they said, well, we're going to change accessory before the fact from a separate crime to a theory of the crime. Well, not only was Judge Harrington correct that that's ex post facto, constitutional violence, but there's a more basic point. If you change it to the theory of the same crime, you don't need the Blockberg or Dixon rule. If it's the same crime, of course it's the same crime for double jeopardy purpose. And then their second issue was variance. They said variance. Well, just like the Mars v. Mount case. Well, I'm sorry, variance is not a magic word that gets rid of double jeopardy. It's completely irrelevant when you call it variance. There are 101 reasons to reverse a conviction that you get a new trial, but if you reverse it on insufficient evidence, you don't. Because, in a completely unambiguous way, the Rodriguez Court said because of the insufficient evidence we're reversing, that's why it's double jeopardy. Marshall can come up with, can say variance all at once. Marshall said something, nothing, none of the things it said in Marshall, they're all non sequiturs. And the issue of the indictment, the issue of the indictment is fascinating. They say the respondent says sufficient indictment. But if you read footnote 32, and if you read Rodriguez, they say, what they do is say, well, let's take out the word aid. We have a new footnote 32, and Rodriguez says, here's the new indictment. And they say, you should say, hiring, et cetera, before the fact. Well, the decision of Rodriguez said he's innocent because he didn't commit any crime before the fact. So under the indictment that he was indicted on, which was the statutory indictment, there was insufficiency of evidence. But, of course, under the new indictment they suggest in Rodriguez, there's also insufficiency of evidence. It would be the same thing. So, of course, he wasn't found not guilty because of the indictment. Because even under the indictment they tell you, even in the new one, Your Honor, he would be found not guilty based on insufficiency of the evidence. Because the whole point was there was no criminal action before the fact. So, I mean, it doesn't matter. The new indictment, the old indictment. So, of course, it's not the indictment. Now, I waited until, I have to criticize myself, because I waited until page 55 to give the three grounds for double jeopardy. They were basically, if you answer three questions, yes, that's double jeopardy. So the first one, clear. Is it the same crime for double jeopardy purposes? The second one, is it the same act of transaction? And the third is, did they reverse on insufficiency of evidence? Okay, number one. It is the same crime because under the Dixon same element test, each one has to have a separate element. Here, we know accessory before to murder had a separate element. It has to be before the fact. But murder has no separate element. I.e., the statute says you can indict an accessory person who commits the accessory, 274 section 3, says you can indict them for accessory before or you can indict them for murder. So, it's the same crime because it's a great, oddly, murder is the lesser included of accessory before the murder. It's the same conduct because, and I wrote a 28J letter, as you saw, because the respondent didn't bring that up in summary judgment, didn't bring up its original claim, but in its reply brief, it says, no, it's a different crime. Well, that argument was already made before the SJC. Black letter Massachusetts law, Melvin, Crawford, et cetera, the unit of prosecution in Massachusetts is the person victimized. So, actually, in Massachusetts, one person shoots a bullet, two people are killed by it. Because they say it's the person victimized. Because it's the person victimized, it's obvious there was one person victimized. So, of course, it's the same act of transact. And in my 28J letter, I'll revise it because I cited the Melvin case. It's actually 430 Mass 291. And there's also a Sitco case that's not in the briefs, talk about time of conduct. It's Carmel v. Sitco, SITKO 361 Northeast 2nd, 1258-1260. What's interesting in the Sitco case is the court there wrote, we have treated breaking and entering in the daytime, in effect, as a lesser offense within the aggravated offense of breaking and entering in the nighttime. So, again, the time, that's a relevant case. And then the third issue, of course, is did they decide on insufficiency of evidence? We know they did because they wrote it. Pause there. You say we know they did. Yeah. And I see how you might get there if you were just looking at Rodriguez. But I'm looking at a subsequent decision of the Supreme Judicial Court that basically says, although we did say that, we essentially concluded that it was the fatal variance that was the problem. Well, so the Why aren't we bound? I understand your argument why we're not bound on whether there's a double jeopardy violation. But why aren't we bound on how to read Rodriguez? Well, because, and here's where I think I win, because you're not bound by their reading of the English language. If they say, well, yeah, we said green, we said the light was green in that case, but we really meant the light was red, they can't do that. They can't get away with that. But what if the light's yellow? Well, that's not the case here, though. And in fact, my winning case is Evans v. Michigan. Because Evans v. Michigan says if they say the light was green, it doesn't matter if the light was yellow. That's the case that says, look it, if they say acquittal, even if they're wrong, it's acquittal. Here, Rodriguez said, I read it. They said, I mean, I'm saying they, I've never been in a situation before where I can say, my argument is they meant what they wrote. But that, it seems to me that doesn't necessarily distinguish it from a variance case. In a typical variance case, you would have insufficient evidence of the crime that was charged, but sufficient evidence of a different crime. And then the question was whether the indictment provided sufficient notice. And so that happens in every variance case. But a variance, Your Honor, and here's where you kind of, variance isn't a magical word. And Myers v. Vaughn is great on that. If you're taking that to this, a variance is a defendant to say, well, maybe there was sufficient evidence. Variance is not sufficient evidence. If it's both variance and sufficient evidence, I win. Because sufficient evidence is, a variance is when a defendant is saying, well, it was confusing. I didn't understand it because the evidence is different. A variance is not a cudgel for the prosecution, it's a defendant's thing. Otherwise, Your Honor, and this is the simple point, otherwise there would be no double jeopardy at all. Because the prosecution also said, well, yeah, the evidence was different. I didn't have it. It was different from my indictment because he didn't do it. That was a variance, so I get to retry him. No, if it's both variance and insufficient evidence, that's double jeopardy. Let me interrupt you there and ask Judge Lynch if she has questions. No, I don't. Wrap up. Thank you, Your Honor. If you have no further questions, I'll rest my case. All right. Thank you.